**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SUSAN K. RODDENBERRY,**

    **Plaintiff,**

**v.**                                               **Case No. 8:06-cv-731- T-TBM**

**MICHAEL J. ASTRUE[1],
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claims for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is reversed and remanded.

I.

Plaintiff was 42 years of age at the time of her administrative hearing in October 2005. Plaintiff has a high school education. Her past relevant work was as a stock person at Target, an assistant manager at a major league ballpark, an assembler/tester, a telemarketer and cashier**.** Plaintiff applied for disability benefits and Supplemental Security Income

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

payments in May 2003, alleging disability as of August 5, 2000,[2] by reason of a back injury, weakness and numbness in her legs, diabetes and resultant blurred vision and fatigue. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. No other witnesses were called to testify. In essence, Plaintiff testified that she has been unable to work since she injured her back at work. She underwent a laminectomy with fusion at L5, and although she tried to resume work, she was unable to lift more than ten pounds and could not perform her duties. She stopped working completely in July 2002. By Plaintiff's account, her pain is chronic. She experiences spasms, numbness and tingling, and sharp pain in her back. She uses Duragesic patches for her pain although they cause her dizziness, vomiting, and diarrhea. With the patches, her pain is a five on a scale of one to ten. Without the patches, her pain is worse at level eight. She used a TENS unit for a time but it did not help. Her doctor has recommended another surgery but she has declined because she is afraid it might leave her worse off.

Plaintiff testified she also suffers from brittle diabetes. She uses insulin injections daily but her condition is difficult to control. The condition causes her blurred vision, tingling and numbness in her hands, and fatigue. She takes naps daily because she is always tired. She has blacked-out twice because of her diabetes. Plaintiff also has high cholesterol.

---

[2]Because Plaintiff had worked for a period after her alleged onset date, the date apparently was amended to July 2002 at the administrative hearing. (R. 331-32). This is not reflected expressly in the ALJ's decision.

Plaintiff can walk for only one or two blocks before she is exhausted. She uses a cane even around the house because her legs give out. She can stand for about five minutes. She can sit for about thirty minutes but then her back starts hurting. She can lift less than ten pounds. She testified she cannot kneel or squat. Her children help her bathe and dress and help with most of the household chores. She does a little of the cooking and some dishes. As for hobbies, Plaintiff reads but does not get out much. See Plaintiff's testimony (R. 326-36).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are set forth in some detail in the briefs and are discussed herein as necessary.

By his decision of November 16, 2005, the ALJ determined that while Plaintiff has severe impairments related to low back disorder, status post surgery, obesity, and diabetes mellitus, she nonetheless had the residual functional capacity to perform sedentary exertional work that did not require more than occasional climbing, stooping, kneeling, crouching, or crawling. Using the Dictionary of Occupational Titles as a reference, the ALJ concluded Plaintiff could do her former work as a telemarketer as such work is generally performed in the national economy. Upon this conclusion, he determined that Plaintiff was not disabled. (R.14-22). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."

42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that

the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises two general claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The Commissioner erred in failing to address and analyze the opinion of the treating physician that Plaintiff would have to change positions frequently with no sitting greater than thirty minutes without a five minute rest break; and

(2) The Commissioner failed to develop the record to determine whether Plaintiff's past work was performed at a substantial gainful activity level and/or was a successful work attempt therefore making it past relevant work.

By her first claim, Plaintiff cites to the May 2002 opinion of treating physician, Howard W. Sharf, M.D. At that time, the doctor indicated that Plaintiff was an "excellent candidate for job retraining," "it was unlikely she will ever go back to heavy lifting or other significant physical activities from an employment perspective," she had "permanent lifting restrictions against lifting over 20 pounds" and "no prolonged bending, stooping, squatting, kneeling or crawling," and "*[s]he would have to change positions frequently with no sitting more than thirty minutes without a five minute break."* (R. 204) (emphasis added). Relying

5

on the standard applicable in this circuit, Plaintiff urges that the ALJ was obliged to give the opinion of this doctor substantial weight and his failure to do so dictates that the opinion be accepted as true. If it is, her need to take a five minute break every thirty minutes would likely prevent her from performing a full range of sedentary work. Thus, by Plaintiff's argument, the case should be remanded for further consideration of the treating physician's opinion that she would require frequent breaks. I agree.

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary. Broughton v. Heckler, 776 F.2d 960, 961 (11th Cir. 1985); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error. In this circuit, where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Here, it is impossible to ascertain whether the ALJ complied with the applicable standard and what weight he gave to the opinions of Dr. Sharf. The decision reflects only a brief reference to the doctor's records as part of the ALJ's conclusion that Plaintiff's condition did not meet or equal the listing for disorders of the spine.[3] Apart from this one reference, there is no other mention of Dr. Sharf's reports or his opinions and clearly no statement by the ALJ as to the weight he afforded this testimony. As stated above, this alone

---

[3]Thus, the records are cited in support of the conclusion that there was no evidence of nerve root or cord compression and that physical examinations revealed full range of motion and no motor or reflex loss. (R. 16).

6

is reversible error.  Furthermore, in this circuit, if the reviewing court is unable to determine from the decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir.1987); see also Davis v Shalala, 985F.2d 528, 534 (11th Cir. 1993).  The Commissioner urges that the opinion is not worthy of credence given other medical reports.  Had the ALJ evaluated the record and discussed his findings and conclusions therein as thoroughly as the Commissioner did on appeal, perhaps the decision could be affirmed.  While it is correct that Dr. Sharf's report indicated that Plaintiff would be a good candidate for job retraining, thus suggesting that he did not think her incapable of all work, the limitation he imposed on her capacity to sit for extended period was highly significant given the ALJ's conclusion that Plaintiff was capable of a full range of sedentary work or as he described it, work which is generally performed while sitting.  The limitation imposed by this treating doctor would appear to compromise the conclusion that Plaintiff could perform a full range of such work or, in the least, require that the ALJ expressly address it.  Accordingly, the case is appropriately remanded for further consideration by the ALJ which properly accords the opinions of the treating doctors substantial weight.

On this conclusion, it is unnecessary to address the Plaintiff's second claim in detail.  However, it is worth noting that for previous employment to qualify as "past relevant work," it must have been substantial and gainful activity as such terms are defined by the Act or regulations.  See Vaughn v. Heckler, 727 F.2d 1040, 1042 (11th Cir. 1984); Lauer v. Bowen, 818 F.2d 636, 639 (7th Cir. 1987); see also 20 C.F.R. §§ 404.1572, 416,972.  Here, it is not entirely clear that Plaintiff's former work as a telemarketer qualified as gainful activity such that it could be considered "past relevant work."  The ALJ did not inquire about this work at

the administrative hearing or discuss it in the decision.  The argument made by the Commissioner on this appeal may or may not be an accurate assessment of the earnings records.  Further consideration of this issue is warranted as well.  Finally, should the ALJ reach step five of the evaluation process, the use of a vocational expert is well-advised.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards.  The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order.  Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 25th day of July 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record